UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC JAMES STEINER,<br><br>                    Petitioner,<br><br>vs.<br><br>NICK BAIRD,<br><br>                    Respondent. | Case No. 1:25-cv-00436-DKG<br><br>**INITIAL REVIEW ORDER** |

Petitioner Eric James Steiner (Petitioner) has filed a Second Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 6. The Court has construed the "Second Petition" as replacing the original Petition (Dkt. 3), in accordance with the law governing amendments. Dkt. 3. If that was not Petitioner's intention, he may file an amended petition.

Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served, amended, or summarily dismissed. *See* 28 U.S.C. § 2243.

**INITIAL REVIEW ORDER - 1**

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation to address procedural issues.

## REVIEW OF PETITION

### 1. Background

Petitioner pleaded guilty to and was convicted of first degree murder in a state criminal action in Ada County, Idaho, on February 27, 2020. On March 4, 2022, he was sentenced to life without parole.

Petitioner filed a direct appeal but voluntarily withdrew it. He next filed a post-conviction action, which was heard by the Idaho Court of Appeal. That action concluded in 2025. He received no relief. It is unclear whether he filed a Petition for Review with the Idaho Supreme Court seeking review of the Idaho Court of Appeals' decision.

### 2. Discussion

In this action, Petitioner brings four claims: ineffective assistance of counsel, violation of the Fourth Amendment, denial of the right to trial, and denial of the right to due process. Dkt. 6. Petitioner's recitation of the history of his case shows that various procedural hurdles may prevent him from proceeding to the merits of his claims.

A. Procedural Default

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state

**INITIAL REVIEW ORDER - 2**

court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id.* at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

Because Petitioner may not have properly presented his claims to the Idaho Supreme Court in either action, his claims may be procedurally defaulted. The Court does not have the full record before it to make a determination of the exhaustion issues and it would be helpful to have briefing from Respondent. Therefore, Petitioner may proceed.

**INITIAL REVIEW ORDER - 3**

B.  Fourth Amendment Claim

As to Petitioner's Fourth Amendment claim, he must first overcome a threshold procedural issue before he can proceed to the merits. Fourth Amendment claims are treated in a unique manner in habeas corpus actions. When a State has provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim, it will not be relitigated by a federal district court in a habeas corpus action, regardless of "the correctness of the state decision." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) (relying on *Stone v. Powell*, 428 U.S. 465, 481–82 (1976) (Fourth Amendment issues are not cognizable on federal habeas review); *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986).

Thus, the threshold issue for a Fourth Amendment claim is whether the petitioner had an initial opportunity for a fair hearing in state court. *See Caldwell*, 781 F.2d at 715. The narrow question is "whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *see also Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). The petitioner bears the burden of establishing that the state courts did not consider the Fourth Amendment claim fully and fairly. *Mack*, 564 F.2d at 901.

*Powell* does not specify a particular test for determining whether a state provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim.

**INITIAL REVIEW ORDER - 4**

To aid in determination of this question, federal district courts in the Ninth Circuit review the transcripts and briefing from the state trial and appellate courts. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-1179 (9th Cir. 1990) (citing *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981)), *cert. denied*, 499 U.S. 979 (1991).

Petitioner may proceed to the threshold determination of whether he had an opportunity for full and fair litigation of his Fourth Amendment claims in state court. That question will be determined after the Court's review of the state court record that will be furnished by Respondent. In most instances, the respondent will file a motion for summary dismissal addressing this issue. Petitioner need not further brief this issue until Respondent raises and briefs it, and then Petitioner may submit responsive briefing.

### 3. Conclusion

The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Second Petition (Dkt. 6), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

**INITIAL REVIEW ORDER - 5**

2. Petitioner's request for appointment of counsel, contained in the Petition, is DENIED without prejudice. Should an evidentiary hearing be required, or other extraordinary circumstances exist to require appointment of counsel, the Court will reconsider its ruling.

3. Petitioner's Second Motion to Proceed in Forma Pauperis (Dkt. 7) is GRANTED; the first request (Dkt. 1) is deemed MOOT.

4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in

**INITIAL REVIEW ORDER - 6**

paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6.  If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7.  If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

8.  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9.  No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or

filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

**INITIAL REVIEW ORDER - 8**

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, one of the parties shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: September 9, 2025

Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER - 9**