UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ERIC JAMES STEINER,<br><br>                    Petitioner,<br><br>vs.<br><br>ALICIA CARVER,[1]<br><br>                  Respondent. | Case No. 1:25-cv-00436-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus action filed by Petitioner Eric James Steiner is Respondent Alica Carver's Motion for Summary Dismissal. All parties are deemed to have knowingly and voluntarily consented to proceed before a United States Magistrate Judge because no party filed a declination of consent form with the Clerk of Court within the time frame set forth in the Notice of Assignment Setting Deadline. *See* Dkt. 9. Having reviewed the motions and briefing, the Court enters this Order granting the Motion for Summary Dismissal and dismissing this case with prejudice.

---

[1]      The Court substitutes Warden Alicia Carver for Warden Nick Baird as the respondent, because Petitioner has been transferred to a different facility. *See* Fed. R. Civ. P. 25(d).

**MEMORANDUM DECISION AND ORDER - 1**

## MOTION TO DISMISS: PROCEDURAL DEFAULT GROUNDS

Petitioner provided the following background information in his direct appeal

brief:

> On March 5, 2019, Mr. Steiner called 911 and reported that he shot and killed his wife, Christine Steiner, and that he was waiting outside his residence for the police to arrive and take him into custody. (Conf. Ex., p.12.) Mr. Steiner told the Presentence Investigation Report writer that he "snapped" after he and Christine had been arguing about their inability to pay their rent and other bills. (Conf. Ex., p.16.)

> The State charged Mr. Steiner with first degree murder and with the use of a firearm during the commission of a felony. (R., pp.49-50.) Mr. Steiner pleaded guilty to first degree murder, and the State dismissed the use of a firearm enhancement and agreed to recommend the court impose no more than life, with twenty-five years fixed. (R., pp.73-84; Tr., p.5, L.15 –p.25, L.11.) After filing three unsuccessful motions to withdraw his guilty plea, Mr. Steiner represented himself at sentencing. (R., pp.86-101, 182-208, 277-305, 328-52, 366-71; Tr., p.58, Ls.15-21.) The State asked the court to sentence Mr. Steiner to a fixed term of life in prison. (Tr., p.91, Ls.7-12.) Mr. Steiner exercised his right to remain silent and did not make a sentencing recommendation. (Tr., p.91, Ls.23-25.) The court agreed with the State's recommendation and sentenced Mr. Steiner to life in prison, without the possibility of parole. (R., pp.378-84; Tr., p.98, Ls.11-16.)

State's Lodging B-1 at 1-2.

Petitioner's appellate briefing also clarified: "Before making its recommendation,

the State verified with the court that it was no longer bound by the terms of the plea

agreement requiring it to ask for a fixed term no longer than 25 years." *Id*. at 2 n.1. The

reason behind the lengthier sentence recommendation was that Petitioner had breached

**MEMORANDUM DECISION AND ORDER - 2**

the plea agreement by filing the motions to withdraw his guilty plea. State's Lodgings A-1 at 364, A-4 at 79, 91.

Through counsel, Petitioner presented an abuse of discretion in sentencing claim on direct appeal. Petitioner later voluntarily dismissed the appeal. State's Lodgings B-2, B-3.

Petitioner filed a post-conviction petition. State's Lodging C-1 at 6, *et seq*. The petition was dismissed by the state district court, and the dismissal order was affirmed on appeal by the Idaho Court of Appeals. Petitioner filed a petition for review with the Idaho Supreme Court, which was denied. State's Lodgings D-7 to D-10.

Petitioner later filed a motion to review sealed documents in camera, which the district court denied. Petitioner filed an appeal, but it was dismissed because the notice of appeal did not identify any judgment or ordered from which an appeal may be taken. State's Lodgings H-1 to H-3. After the district court denied a motion to reconsider the sealed documents request, Petitioner filed another appeal, which remains pending. *See* State's Lodgings J-1 to J-17.[2] The sealed exhibits have been lodged in camera with this Court and consist of various conversations Petitioner had with others, including his 911 confession, a confession he made to a person while he was in jail, and other

---

[2]    *See* https://preview.icourt.idaho.gov/case/CR01-19-09063/county/Ada (query: CR01-19-09063; accessed July 30, 2026.

**MEMORANDUM DECISION AND ORDER - 3**

conversations. Dkt. 29. This Court finds no reason to postpone ruling on the federal

Petition simply because Plaintiff may have other related actions pending in state court.

The federal Petition for Writ of Habeas Corpus raises the following claims:

> (1) ineffective assistance of counsel for (a) failing to file a motion to suppress; (b) denial of Petitioner's right to trial; and (c) failing to seek experts to prove Petitioner's innocence. Dkt. 6 at 6; Dkt. 10 at 2.

> (2) violation of the Fourth Amendment when a state court judge allegedly signed a search warrant without probable cause. Dkt. 6 at 7.

> (3) denial of the right to trial because he was "forced into pleading guilty." Dkt. 6 at 8.

> (4) denial of the right to due process when: (a) Petitioner was "never given a complete copy of the discovery"; (b) Petitioner was "[n]ever given the chance to prove [his] innocence to the attorney"; and (c) counsel "never hired outside experts to prove anything." Dkt. 6 at 9.

Respondent contends that all of the claims are procedurally defaulted and that the

Fourth Amendment claim is noncognizable.

### 1. Standards of Law

When a petitioner's compliance with threshold procedural requirements is at issue,

a respondent may file a motion for summary dismissal, rather than an answer. *White v.*

*Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases

authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it

plainly appears from the face of the petition and any attached exhibits that the petitioner

**MEMORANDUM DECISION AND ORDER - 4**

is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

A.  Exhaustion Requirement and Procedural Default

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a *federal* claim to the *highest* state court for review *in the manner prescribed* by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

State court remedies are considered technically exhausted, but not properly exhausted if a petitioner failed to pursue a federal claim in state court and no state remedies remain available. *Id.* at 848. Or, improper exhaustion can occur when a petitioner tried to pursue a federal claim in state court, but the state court rejected it on an adequate and independent state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). To be adequate, a state rule must be "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). To be independent" of federal law, a state procedural rule must not be interwoven with or rest on federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

MEMORANDUM DECISION AND ORDER - 5

A claim is "procedurally defaulted" for federal habeas corpus purposes if it was improperly exhausted in state court, including instances where a state court applies an adequate and independent state procedural bar to dismiss a claim. *Coleman*, 501 U.S. at 731.

### B. Cause and Prejudice Exception to Procedural Default

To show "cause" for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ignorance of the state's procedural rules or lack of legal training do not constitute legally cognizable "cause" for a petitioner's failure to fairly present a claim. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908–10 (9th Cir. 1986); *Schneider v. McDaniel*, 674 F.3d 1144, 1153 (9th Cir. 2012).

### C. Miscarriage of Justice Exception to Procedural Default

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494

(1991), *superseded on other grounds by statute*. A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at 496.

To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (secondary citations omitted).

## 2. Discussion

### A. Claims 2, 3, and 4

Petitioner completed only one appeal in the course of his criminal and collateral review proceedings in state court—the appeal from denial of his post-conviction petition—which raised only ineffective assistance of counsel claims (corresponding to federal habeas Claim 1) before the Idaho Court of Appeals. Respondent correctly points

**MEMORANDUM DECISION AND ORDER - 7**

out that Claims 2, 3, and 4 were not presented to the Idaho Court of Appeals in that action. *See* State's Lodgings D-1, D-6.

After the Idaho Court of Appeals issued its opinion on the ineffective assistance claims, Petitioner filed a petition for review before the Idaho Supreme Court. State's Lodging D-7. His brief included claims of ineffective assistance of counsel, illegal search and seizure, and the lack of hearings in his criminal case. State's Lodging D-8. The affidavit accompanying the petition for review discussed the search and seizure facts, identifying them as a Fourth Amendment claim. *Id*. at 9.

Because Claims 2, 3, and 4 were not first (or ever) properly presented to the Idaho Court of Appeals, the claims are procedurally defaulted. Because it is improper to first raise a claim in a petition for review before the Idaho Supreme Court, any portions of Claims 2, 3, and 4 that were included in the petition for review of the post-conviction appeal were not properly presented. Under Idaho law it is clear that the Idaho Supreme Court will not consider claims that were not raised in an initial appeal to the Idaho Court of Appeals. *Centers v. Yehezkely*, 706 P.2d 105 (Idaho Ct. App. 1985). There is nothing in Idaho precedent suggesting a trend of addressing claims presented for the first time in a petition for review. *See, e.g., Cooper v. Board of Professional Discipline of Idaho State Bd. of Medicine*, 4 P.3d 561, 568 (Idaho 2000)*; State v. Harris*, 979 P.2d 1201, 1205 (Idaho 1999); *Wood v. Wood*, 855 P.2d 473 (Idaho Ct. App. 1993). This improper appellate presentation of any parts of Claims 2, 3, and 4 serves as an adequate and

**MEMORANDUM DECISION AND ORDER - 8**

independent state procedural bar that prevents the Court from hearing these procedurally defaulted claims.

### B.  Claim 1

The Court of Appeals construed Steiner's opening brief as raising ineffective assistance of counsel claims. The appellate court examined the decision of the state district court, which concluded the ineffective assistance of counsel claims "were already raised and decided in the underlying proceeding, and therefore, are barred by res judicata and I.C. § 19-4901(b)." State's Lodging D-6 at 7. The state district court alternatively denied the claims on the merits, finding, "they are bare and conclusory, unsupported by admissible evidence, contrary to the record in the underlying proceedings, and Steiner failed to show deficient performance or prejudice" ( State's Lodging D-6 at 7), but the Court of Appeals' decision rested on the res judicata bar (*Id*. at-8).

At issue is the interplay between res judicata in state court and exhaustion on the merits for federal court purposes. If a petitioner raised a federal claim in state court and properly exhausted it through the Idaho Supreme Court in a first state action, and was then barred from raising it in a successive state court action on res judicata grounds, the second determination does not affect the first proper exhaustion of the claim on the merits; therefore, a state court's res judicata conclusion on the merits of a previously properly presented claim cannot be grounds for procedural default on federal habeas corpus review. *See McCabe v. Blades*, No. 1:16-CV-00381-BLW, 2018 WL 1321565, at

MEMORANDUM DECISION AND ORDER - 9

*7 (D. Idaho Mar. 13, 2018); *Kellis v. Carlin*, No. 3:15-CV-00094-REB, 2018 WL

4682307, at *7 (D. Idaho Sept. 28, 2018).

Here, on post-conviction review, the state district court determined that Petitioner

raised, and the court adjudicated, the ineffective assistance claims during state district

court proceedings on his first motion to withdraw his guilty plea. Therefore, for federal

exhaustion purposes, Petitioner was required to bring the first withdrawal of his guilty

plea claim that encompassed the ineffective assistance claims before the Idaho Supreme

Court *once* in a proper manner.

The record reflects that Petitioner did not pursue an appeal of his first motion to

withdraw his guilty plea claim at all. To the extent that Claim 3 in the habeas petition—

denial of the right to trial because he was forced to plead guilty—is intended to be the

same claim, Petitioner failed to raise it in his post-conviction appellate briefing before the

Idaho Court of Appeals  and improperly raised it for the first time in his petition for

review in the Idaho Supreme Court. *See* discussion of Claims 2, 3, and 4, above. Claim 1

is procedurally defaulted for failure to properly raise it in the Idaho Supreme Court within

the withdrawal of his guilty plea claim because the factual bases of the ineffective

assistance claims were litigated by the state district court in that context.

C.  Procedural Default Conclusion

For all of these reasons, Claims 1 through 4 are procedurally defaulted. The

claims will not be heard unless Petitioner shows cause and prejudice or a miscarriage of

justice to excuse the default.

D.  Discussion of Cause and Prejudice Exception

The Court can discern no viable cause and prejudice argument from Petitioner's Response to the Motion for Summary Dismissal, other supplemental filings, or from its own review of the entire record. To the extent that the failure to bring the denial of withdrawal of the guilty plea claim (and to the extent it could have been brought on direct appeal as a claim that required no extra-record evidence) can be attributed to direct appeal counsel's decisionmaking or omissions, Petitioner was required to first properly exhaust that ineffective assistance of direct appeal counsel claim, which he has not done. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (stating that "in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to constitute cause, but that the ineffectiveness claim must itself be presented to the state court "before it may be used to establish cause for a procedural default") (internal quotation marks omitted).

E.  Discussion of Miscarriage of Justice Exception

The Court previously determined that Petitioner was not actually innocent (Dkt 26), but he repeats many of his arguments again in his supplement. Dkt. 35. He asserts again that detectives falsified records. He states that Detective Northway stated that Christine's corpse was found "on the master bedroom floor," but she was actually found on the master bedroom's bathroom floor. Dkt. 35-2 at 1. This is a distinction without a

**MEMORANDUM DECISION AND ORDER - 11**

difference, because a master bathroom generally is in or attached to a master bedroom. Further, photographs of where the body specifically was located make this generalized description a non-issue.

Detective Durbin stated in his supplemental report that he saw a "tan" colored handgun lying on a bench inside the front door of the residence.  Petitioner asserts this was false, because the gun was black and gray. Dkt. 35-2 at 2. Photographs of the gun in this location exist, and the gun was retrieved and tested, making this a non-issue.

Petitioner again states that Detective Whilden falsified his affidavit for the search warrant by stating that "Steiner Construction" was "painted on" Petitioner's truck, when actually "Steiner and Sons Construction" was affixed to his truck in vinyl letters. Dkt. 35-2 at 5. Whilden's description is not far enough off the exact words and materials to be a falsehood.

Petitioner again disputes the trajectory of the bullet and whether that matches the detectives' reports or Petitioner's confessions. *See* Dkt. 35-2. The state court and this Court have already rejected this argument. The State explained at the hearing held on the motion to withdraw Petitioner's guilty plea that, "[w]hile the entry and exit according to the autopsy was upward, that does not account for … what position the victim's head was in; if it was tilted up or down at the time she was shot." State's Lodging A-5 at 76. Petitioner has not shown actual innocence, nor could he if his attorney had hired a ballistics expert.

**MEMORANDUM DECISION AND ORDER - 12**

Petitioner also argues: "The gunshot test kit result did not come back in my name. My full legal name is Eric James Steiner SR. The name on the test result is Eric James Steiner JR. Therefore, the results other than Christine need to be disregarded as unreliable." Dkt. 35-2 at 7. There is no evidence in the record suggesting that Christine was killed by Petitioner's son, especially given Petitioner's many confessions. The failure to distinguish a "junior" from a "senior" in two persons of the same name on a report is not important in the context of the entire body of evidence in the record. The state court records show that "Eric James Steiner" is the defendant, and Petitioner himself uses "Eric Steiner" as his name on his court pleadings and papers.

Petitioner again argues that the search warrant bears a date of February 6, 2019, and his wife did not die until March 5, 2019. *See, e.g.,* State's Lodging D-8 at 6, 9. Detective Whilden stated in the return document that he watched Judge Lynette McHenry sign the warrant on March 6, 2019. State's Lodging C-1 at 258. Judge McHenry filled in the "6" and did not notice that the typed month was "February," *id*. at 261, but the Clerk of Court's date stamp is March 7, 2019, *id*. at 259. The warrant was executed on March 6, 2019. *Id*. at 258. This sequence shows the February date is a mistake.

Petitioner continues to argue that he has proven the search warrant used to search his property was illegal, and that all property seized under the warrant was illegally seized. However, even before the search warrant was served, Petitioner had confessed he murdered Christine to the 911 operator, and the officers who had responded to the

**MEMORANDUM DECISION AND ORDER - 13**

property to investigate and who were entitled to enter the home to secure it had witnessed enough to support Petitioner's conviction. Added to this body of evidence is Petitioner's post-arrest and post-*Miranda* confession to the detective, which has nothing to do with the search warrant of his house. He has not shown that he would not have been convicted at trial based upon his several confessions and the evidence obtained prior to the search warrant.

The Court has reviewed the sealed evidence Petitioner attempted to obtain from the state courts. Dkt. 29. Nothing in the package of evidence shows that Petitioner is actually innocent. Nor does the package contain anything that would change the Court's mind as to any other claim or issue in this habeas corpus matter. It does contain two of Petitioner's oral confessions that he killed his wife. It also contains a conversation between Petitioner and another person containing Petitioner's explanation that he decided to plead guilty because the State had disclosed additional inculpatory evidence. All of this sealed evidence will be available to the Ninth Circuit Court of Appeals, should it desire to review this case.

Even with Petitioner's new evidence and argument, the Court concludes he is not actually innocent. The Court agrees with the state district court that the evidence is overwhelming that Petitioner did, in in fact, kill his wife just like he stated from the outset. *See* State's Lodging A-4 at 95. Therefore, the miscarriage of justice exception is not available to excuse the procedural default of Petitioner's other claims.

**MEMORANDUM DECISION AND ORDER - 14**

**MOTION TO DISMISS: NONCOGNIZABLE CLAIM**

In Claim 2, Petitioner asserts a violation of the Fourth Amendment when a state court judge allegedly signed a search warrant without probable cause. Dkt. 6 at 7. Respondent alternatively argues that this claim is noncognizable.

### 1. Standard of Law

Fourth Amendment claims are treated in a unique manner in habeas corpus actions. When a State has provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim, it may not be relitigated by a federal district court in a habeas corpus action, "regardless of its view of the correctness of the state decision." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) (relying on *Stone v. Powell*, 428 U.S. 465, 481–82 (1976) (Fourth Amendment issues are not cognizable on federal habeas review); *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986).

Thus, the threshold issue for a Fourth Amendment claim is whether petitioner had an initial opportunity for a fair hearing in state court. *See Caldwell*, 781 F.2d at 715. The narrow question is not whether he did in fact have a hearing "or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *see also Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). The petitioner bears the burden of establishing that the state courts did not consider the Fourth Amendment claim fully and fairly. *Mack*, 564 F.2d at 901.

**MEMORANDUM DECISION AND ORDER - 15**

*Powell* does not specify a particular test for determining whether a state provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim. To aid in determination of this question, federal district courts in the Ninth Circuit review the transcripts and briefing from the state trial and appellate courts. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-1179 (9th Cir. 1990) (citing *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981)), *cert. denied*, 499 U.S. 979 (1991).

## 2. Discussion

On March 6, 2019, Cathy A. Guzman, an Ada County deputy prosecutor, appeared and swore out a criminal complaint before Ada County Magistrate Judge David D. Manweiler. State's Lodging A-1 at 3-4. The Complaint stated that Petitioner shot and killed his wife, Christine Steiner, on March 5, 2019. *Id*.

Petitioner was appointed counsel and arraigned on March 6, 2019. at 18. Petitioner pleaded not guilty.

His preliminary hearing was held on March 18, 2019, at which investigating detectives testified. State's Lodging A-3. Detective Nicolas Kulack testified that the dispatch call was for an "unknown problem" and gave information that a shooting had occurred. State's Lodging A-3 at 23. The suspect (Petitioner) was outside the house, and Kulack and his partner Jason Brown were to go in and secure the scene and find out what was happening. *Id*. at 24. They took Petitioner into custody and then approached the residence. After a few police announcements, a female, who was a foreign exchange

**MEMORANDUM DECISION AND ORDER - 16**

student, answered the door. *Id*. at 26. The detectives then went into the house and found Christine unresponsive, lying face down naked on the bathroom floor, with blood on the wall. *Id*. at 27.

They moved back out of the bathroom to preserve evidence and called the paramedics. *Id*. at 28. After the paramedics checked Christine, the detectives took action to maintain scene security. Detective Kulak observed a handgun and magazine on the bench in the entryway of the home. *Id*. at 20.

Detective Jeremy Churchfield testified about his observations of the victim and the crime scene and then discussed Petitioner's confession to him about how he planned and carried out the murder of Christine. Detective Churchfield was extensively cross-examined by Petitioner's attorney at the preliminary hearing. *Id*. at 62-90. Petitioner was given a "consent to search" form for a search of his property, and Officer Churchfield read it to Petitioner, and Petitioner signed it.

The preliminary hearing and early discovery gave Petitioner the information needed to assess whether a motion to suppress potentially would be successful. Petitioner had an opportunity to file a motion to suppress at any time before he changed his plea.

On February 27, 2020, Petitioner pleaded guilty to Christine's first-degree murder. State's Lodging A-4 at 19. Petitioner stated he understood that he was giving up any defenses he might have to the charges and that he was "walking away from any problems or defects that might be in the State's case as well as other important constitutional rights

**MEMORANDUM DECISION AND ORDER - 17**

outlined in [the Guilty Plea Advisory] form." *Id*. at 12-13. Petitioner also agreed that his counsel had done everything reasonably possible to help him in the case and that he could not think of anything counsel could or should have done for him. *Id*. at 15-16.

After Petitioner recited how he murdered Christine (*id*. at 19-23), the state district court found there was a factual basis for the plea, that Petitioner understood the nature of the charges and consequences of pleading guilty, and that the guilty plea was "given freely, voluntarily, knowingly and intelligently" (*id*. at 25).

On July 31, 2020, the state district court held an evidentiary hearing on Petitioner's first motion to withdraw his guilty plea, which centered on trial counsel's defense failures. State's Lodging A-5. The motion was denied.

On February 17, 2022, the court held a hearing on Petitioner's motion to represent himself and on his third motion to withdraw his guilty plea. State's Lodging A-4. Petitioner explained that his counsel could not or would not present the facts Petitioner wanted to use in support of his motion; therefore, he thought representing himself was the best option. Id. at 43-54. His third motion to withdraw his guilty plea included the suppression issue, among others.

At sentencing, the court asked whether any additional investigations were necessary before proceeding. Petitioner asserted that three detectives "filed false supplemental reports that they agree with my confession and they're not correct." State's Lodging A-4 at 62. Petitioner stated that Officer Churchfield, Corporal Robert Lynberg,

**MEMORANDUM DECISION AND ORDER - 18**

and Detective Joseph Miller all had different versions of how Christine died, and yet all agreed with Petitioner's confession about how Christine died. These are the same facts that are the basis for Petitioner's desired motion to suppress.

Petitioner stated that additional investigation was needed because the evidence did not show that he murdered his wife. He stated that the detectives agree with his confession, but his confession is false. *Id*. at 64. The court denied Petitioner's motion for additional investigation. *Id*.

Petitioner filed a petition for post-conviction relief, asserting that his counsel performed ineffectively for failing to file a motion for a hearing to suppress evidence. State's Lodging C-1 at 8. Petitioner extensively explained the factual basis behind his assertions that the statements used to obtain the search warrant were false, *id*. at 17-18, and argued that the "invalid return of service makes the search warrant invalid ... due to the fact that no legal return of service was made to the Court." *Id*. at 18. In support of his petition, he provided copies of Detective Joseph Whilden's affidavit for the search warrant, the search warrant, and the return of the search warrant. *Id*. at 252-261. The return document states that Whilden noted for the first time, upon preparing the return, that the search warrant contained an incorrect month on the date line. *Id*. at 258.

In the notice of intent to dismiss the petition, the state district court alternatively denied the ineffective assistance claims on the merits because "they are bare and conclusory, unsupported by admissible evidence, contrary to the record in the underlying

**MEMORANDUM DECISION AND ORDER - 19**

proceedings" and because Petitioner "fail[ed] to show deficient performance or prejudice.

*Id*. In particular, the Court noted:

> Finally, his claim that counsel was ineffective for failing to file a motion to suppress based on a supposed search warrant defect fails. He fails to show that the motion would have been granted had it been filed. The claim is bare and conclusory and unsupported by the record. Steiner specifically affirmed under oath his understanding that by pleading guilty he was waiving and giving any defects in the State's case as well as any defenses he might have. Summary dismissal is warranted.

*Id*. at 298. Petitioner was given 20 days to respond to the notice of intent to dismiss.

Petitioner filed two responses to the notice of intent to dismiss. After considering them, the court dismissed the petition and entered judgment. *Id*. at 337-343.

The foregoing course of litigation shows that Petitioner clearly had many opportunities to, and did, raise his Fourth Amendment claim during his criminal proceedings. Based on Petitioner's several confessions and other strong evidence in the record, it is likely that his counsel recognized the futility of such a claim. She testified that this case was "about mitigation and that the fight was in the sentencing and presenting that mitigation at sentencing." State's Lodging A-5 at 28. The state district court's dismissal of the claim as meritless supports a conclusion that a motion to suppress would have failed on the merits. This course of litigation meets the *Powell* standard. *See Ortiz-Sandoval*, 81 F.3d at 899; *Gordon*, 895 F.2d at 613; *Brummett v. Finn*, 2016 WL 4147137, *4 (D. Idaho 2016) (applying *Powell* where the petitioner was provided the

**MEMORANDUM DECISION AND ORDER - 20**

opportunity to, but did not, file a motion to suppress). Claim 2 alternatively will be dismissed with prejudice as noncognizable.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 14) is GRANTED. The Petition is DISMISSED with prejudice.

2. Petitioner's Motion for Summary Judgment (Dkt. 21) is DENIED.

3. Petitioner's Motions for Default Judgment (Dkts. 32, 33) are DENIED.

4. Petitioner's Motion to Dismiss with Prejudice, seeking his release upon dismissal of this action (Dkt. 34), is DENIED.

5. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 3, 2026

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 21**